IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| MARIAN S. MOORE, *pro se*, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-16-3439 |
| BOARD OF EDUCATION OF BALTIMORE COUNTY, *et al.*, | * | |
| Defendants.[1] | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Marian S. Moore ("Moore" or "Plaintiff"), proceeding *pro se*, has filed this action against the Board of Education of Baltimore County (the "Board")—her former employer[2]—and the Board's legal counsel, Andrew W. Nussbaum, Esq. ("Nussbaum"), alleging several causes of action including employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, ("Title VII") and violations of her and her son N.M.'s civil rights under 42 U.S.C. § 1983. (Compl., ECF No. 1-3 at p. 1-28.) Specifically, Moore, an African-American female, asserts that the Carver Center's decision not to re-hire her for a teaching position was the result of retaliation for her complaint of discrimination made during her previous employment at the school. In

---

[1] Although plaintiff named as defendant "Baltimore County Public Schools" ("BCPS"), the Board is the legal entity which operates the Baltimore County Public School system. *See* Md. Code. Ann., Educ. § 3-104; *James v. Fredrick Cty. Pub. Schs.*, 441 F. Supp.2d 755, 758 (D. Md. 2006). The Board is thus the proper defendant in this case.

[2] Moore previously worked at the George Washington Carver Center for Arts and Technology ("the Carver Center") in Towson, Maryland, a public high school overseen by the Board.

1

addition, Moore alleges that the discontinuation of her son N.M.'s "Special Permission Transfer" ("SPT") waiver following the end of her employment at the Carver Center was (1) the result of retaliation and (2) done in violation of N.M.'s civil rights.[3]  Finally, Moore alleges that attorney Nussbaum aided and abetted the Board's allegedly improper decisions regarding N.M.'s SPT.[4]  (*Id.* at 17-21, 25-27.)

Now pending before this Court are the Board's Motion to Dismiss (ECF No. 17) and Nussbaum's Motion to Dismiss (ECF No. 9). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Nussbaum's Motion to Dismiss (ECF No. 9) is GRANTED, the Board's Motion to Dismiss (ECF No. 17) is GRANTED, and this case is DISMISSED.

## BACKGROUND

This Court accepts as true the facts alleged in the Complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Additionally, because the Plaintiff is proceeding *pro se*, this Court has accorded her pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007).

From 2006 until 2012, Moore was employed at the George Washington Carver Center for Arts and Technology ("the Carver Center") in Towson, Maryland. (Compl., ECF

---

[3] The Special Permission Transfer waiver allows children of Baltimore County Public Schools employees to attend schools outside of the students' assigned geographical school districts.  N.M., who was geographically zoned for Oakleigh Elementary School in Parkville, Maryland based on his and his mother's residence, was permitted to enroll at West Towson Elementary School because the school where his mother worked is located in Towson.

[4] In addition, Plaintiff makes reference to a series of state and federal laws including criminal statutes (18 U.S.C. § 1519, 18 U.S.C. §§ 241 and 242, and Section 3-701 of the Maryland Code), the Equal Pay Act, 29 U.S.C. § 206(d)(1), the Whistleblower Protection Act, 5 U.S.C. § 2302, various Maryland regulations, and Board policies. (Compl., ECF No. 1-1; ECF No. 1-3, at p. 20-21.)  These allegations are addressed below.

No. 1-3 at 2.)  During that time, Moore taught classes and was the lead adviser for the school's Future Business Leaders of America club. (Compl., ECF No. 1-3 at 2.)  Moore alleges that in 2012, she began feeling overworked and experienced "mental and emotional distress." (*Id.*)  In October 2012, Moore complained to the school's principal about her workload. (*Id.*)  Moore also sent an email to the principal asking to be "recognized along with [her] students…[at] the Board of Education Recognition Ceremony." (*Id.*)  In her email, Moore did not allege that she was being discriminated against based on race or gender. (*Id.*)

In November 2012, Moore sent several emails to Edward Newsome, the Carver Center superintendent, again complaining about her workload. (*Id.* at 3.)  In those emails, Moore requested a reduction in her workload, but also mentioned "discrimination towards the Carver Center's Future Business Leaders of America club" due to "lack of funds" and "financial hardship." (Pl.'s Ex. 4.)  Moore again did not make any reference to discrimination towards her based on her race or sex. (*Id.*)

In January 2013, Moore applied for a position as Director of Academic Intervention Programs (the "Director position"). (Compl., ECF No. 1-3 at p. 3.)  However, Moore was not hired for the Director position.  At the end of that school year, plaintiff resigned from her position at the Carver Center effective July 1, 2013, allegedly "because no one would assist[ ] [her] with [her] workplace concerns of discrimination." (*Id.* at 4; Pl.'s Ex. 8.)  Moore discussed her reasons for resigning from her teaching position in a series of emails with Carver Center administrators. (Pl.'s Ex. 7.)[5]  Raymond Banks, the school's personnel officer, responded to Moore's email by acknowledging that Moore has made allegations of

---

[5] Plaintiff has attached to her Complaint some—though it does not appear all—of the emails in that correspondence. (Pl.'s Ex. 7.)

3

discrimination, but noting that she "failed to mention what the alleged discrimination is." (*Id.*)  Banks also notified Moore of her "right to file a grievance with regulatory agencies, or the [Baltimore County Public Schools Equal Employment Opportunity] Office" and providing her the relevant contact information. (*Id.*)

While Moore was employed at the Carver Center in Towson, her son, N.M, was eligible for a Special Permission Transfer ("SPT") waiver which allowed him to attend West Towson Elementary School ("West Towson") even though Moore and her son lived in the school zone for Oakleigh Elementary School in Parkville, Maryland.[6]  (*Id.* at 5.)  N.M's eligibility for the SPT program was premised on Moore's employment at the Carver Center. (*Id.* at 5.)  After Moore resigned from her position at the school, N.M. lost his eligibility for the SPT waiver. (*Id.*)  Accordingly, in July 2013, West Towson sent Moore a letter informing her that N.M. had been withdrawn from the school because Moore was "no longer an employee in the Baltimore County Public Schools." (Pl.'s Ex. 10a.)

Moore appealed West Towson's decision to the Board of Education of Baltimore County, and, ultimately, to the Maryland State Board of Education.  However, the decision to withdraw N.M. from West Towson based on his no longer being eligible for the SPT waiver was repeatedly affirmed.[7] (Pl.'s Ex. 11a; Pl.'s Ex. 11b; Pl.'s Ex. 12; Pl.'s Ex. 13; Pl.'s Ex. 14; Compl., ECF No. 1-3 at p. 6.)

In November 2013, Moore filed a complaint with the Baltimore County Public Schools Equal Employment Opportunity Office ("BCPS EEO"). (Pl.'s Ex. 16a; Pl.'s Ex.

---

[6] The purpose of the SPT waiver program, it appears, is to ease the childcare duties of parents who work in schools located outside of their geographical school districts.

[7] Moore did not exercise her right to further appeal the State Board's decision to the Circuit Court of Maryland for Baltimore County. (Mot. to Dismiss, ECF No. 17-1 at p. 5.)

16b.)   BCPS EEO "was unable to substantiate that [Moore was] subject to discrimination based upon [ ] race." (*Id.*)   On September 30, 2014, the United States Equal Employment Opportunity Commission ("EEOC") issued a Dismissal and Notice of Rights stating that the EEOC was "unable to conclude that the information obtained established violation of the statutes," and informing Moore that she had a right to file suit within 90 days of receiving the notice.[8] (Pl.'s Ex. 20b.)

In November 2014, Moore applied for two open teaching positions with Baltimore County Public Schools ("BCPS"). (Compl., ECF No. 1-3 at 13-14.) She was not hired for either position. (Compl., ECF No. 1-3 at p. 13-14.)   Believing that she "did not pass the screening process in retaliation for engaging in a protected activity," Moore filed a Charge of Discrimination with the EEOC on December 14, 2015. (Pl.'s Ex. 23a.)   Moore's Charge of Discrimination was transferred from the EEOC to the Maryland Commission on Civil Rights ("MCCR") on February, 19, 2016. (Pl.'s Ex. 23c.)   After reviewing her claim, on June 15, 2016, the MCCR found "[n]o [p]robable [c]ause to believe that [Baltimore County Public Schools] retaliated against [Moore] for opposing discriminatory activity." (*Id.*)   Specifically, the MCCR found that Moore "did not meet the requirement [*sic*] minimum qualifications necessary to secure an interview for either of the two positions to which she applied." (*Id.*)

On October 19, 2016, Moore filed the now-pending action in this Court. (Compl., ECF No. 1-1.)   Moore seeks relief pursuant to Title VII, alleging that the Board's decision not to hire her for the director position in 2013 was based on retaliation based on her prior

---

[8] Moore admits that she failed to file a lawsuit within 90 days of receiving the EEOC Dismissal and Notice of rights. (Compl., ECF No. 1-3 at p. 12.)   Plaintiff may not rely on allegations addressed in her first EEOC Charge, as they are time barred.   Indeed, the instant case is not premised on this 2013 EEOC charge, but, rather, on that filed in December 2015, as explained herein.

complaints of discrimination. She also alleges that her non-hiring for the teaching position in 2015 and the discontinuation of her son's SPT waiver were motivated by retaliation. (*Id.* at 5-8, 13-14.) Additionally, Moore seeks relief under 42 U.S.C. § 1983, based on the Board's alleged violation of her and her son's Fifth and Fourteenth Amendment rights. (*Id.* at 19-21.) Moore also alleges that the Board violated several federal and state criminal statutes[9], the Equal Pay Act, the Whistleblower Protection Act, and various state laws and Board policies. (*Id.* at 20-21.) Finally, Moore alleges that the Board's legal counsel, defendant Nussbaum, aided and abetted the Board's decision regarding N.M.'s withdrawal from West Towson.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff is required to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is to "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations omitted). Consequently, "a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). Similarly, "an unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Rather, to withstand a motion to dismiss, "a complaint must contain

---

[9] With respect to the criminal statutes cited by Moore—18 U.S.C. § 1519, (2) 18 U.S.C. §§ 241 and 242, and (3) Section 3-701 of the Maryland Code—it is well established that a private actor may not bring a civil claim pursuant to a criminal statute unless that statute provides a private cause of action. *See Taccino v. City of Cumberland, Md.*, WMN-09-2703, 2010 WL 3070146, at *2 (D. Md. Aug. 5, 2010) ("[w]hile criminal penalties may arise under this statute, there is no authority given for private citizens to bring a civil suit for damages under this provision"). *See also Alexander v. Hendrix*, RDB-14-2666, 2015 WL 3464145, at *3 (D. Md. May 29, 2015) (finding that 18 U.S.C. § 241 is "criminal in nature [and] does not provide a private right of action"); *Olekanma v. Wolfe*, DKC 15-0984, 2017 WL 784121, at *4 (D. Md. Mar. 1, 2017) (finding that 18 U.S.C. § 242 does "not provide a private right of action"). Accordingly, Moore's claims under 18 U.S.C. § 1519, 18 U.S.C. §§ 241 and 242, and Section 3-701 must be DISMISSED.

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning the court could draw "the reasonable inference that the defendant is liable for the conduct alleged." *Id.* (internal quotations and citation omitted).

In the context of employment discrimination, the Supreme Court has clarified that pleadings need not "contain specific facts establishing a prima facie case of discrimination under the framework set forth" in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). However, in order to survive a motion to dismiss, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *McCleary-Evans v. Md. Dept. of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (citing *Twombly*, 550 U.S. at 545).

A *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of her claim that would entitle her to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a plaintiff's status as *pro se* does not absolve her of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (citing *Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)).

## DISCUSSION

### I.  Plaintiff Fails to State a Plausible Claim Against Defendant Nussbaum

Moore names Andrew W. Nussbaum, Esq., legal counsel for the Board, as a defendant in her Complaint. (Compl., ECF No. 1-3 at p. 17-19, 25-27.) However, under Maryland law, a county's Board of Education decides all matters of public education—neither its individual board members nor its legal counsel has *individual* decision making

authority. Md. Code Ann., Educ. § 4-101(a); *Hanifee v. Bd. of Educ. of Kent. Cty.*, RDB-09-2381, 2010 WL 723772, at *6 (D. Md. Fed. 24, 2010) (finding that Maryland boards of education "act as a unit" and that an individual board member's actions are "merged into the board"). Here, while Nussbaum may have advised the Board on legal matters and performed certain legal and administrative duties, he did not have authority or control over the decision rendered in N.M.'s case. (Compl., ECF No. 1-3 at 25; Pl.'s Ex. 13.)  As such, Nussbaum cannot be individually liable for the Board's actions.

Additionally, to the extent that Moore alleges that Nussbaum committed legal malpractice and negligence in his capacity as legal counsel, these claims are also unavailing. Under Maryland law, an attorney generally owes a professional duty to his client, not to third-parties.  *See generally Noble v. Bruce*, 349 Md. 730, 739, 709 A.2d 1264, 1269 (1998). Here, Nussbaum's client was the Board, and he owed a professional duty to the Board only. He had no relationship whatsoever with Moore, and had no duty towards her.  Thus, Moore has failed to state a plausible claim against Nussbaum, and her allegations against him must be DISMISSED.

**II.     Moore Fails to State a Plausible Claim of Retaliatory Failure to Hire**

Moore alleges that the Board retaliated against her in violation of Title VII by not hiring her for either of the positions to which she applied in November 2014. (Compl., ECF No. 1-3 at 3-13.)  The Board argues in in Motion that plaintiff's retaliatory failure to hire claim must be dismissed because she is unable to state a prima facie claim of retaliation. (ECF No. 17-1 at 7-8.)

As Moore has not alleged any instances of direct or indirect discrimination, her claims are analyzed under the *McDonnell Douglas* burden-shifting framework.[10]  *See Foster v. University of Maryland-Eastern Shore,* 787 F.3d 243, 251-252 (4th Cir. 2015); *Williams v. Baltimore County*, 2016 WL 3745980 at *26 (D. Md. 2016).  In order to set forth a *prima facie* failure-to-hire claim, a plaintiff must demonstrate that: (1) she was a member of a protected class; (2) the employer had an open position for which she applied and was qualified; (3) she was rejected despite her qualifications; and (4) that she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination.  *Id.*  See *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006).

Plaintiff fails to state a *prima facie* claim that the decision not to hire her in November 2014 was the result of retaliation.  While it is clear that Moore was a member of a protected class, she is unable to show that she was qualified for either position to which she applied.  Indeed, as the Maryland Commission on Civil Rights found during its investigation, Moore was not qualified for a teaching position because she did not have an active Maryland teaching certificate, and did not submit two "supervisory teaching references" with her application.[11] (Pl.'s Ex. 23c.) Thus, Moore fails to plausibly allege that she was qualified for

---

[10] *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, (1973).  Under this framework, the plaintiff must first present enough evidence to prove a *prima facie* case of disparate treatment.  *See Reeves v. Sanderson Plumbing Products,* 530 U.S. 133, 142–43 (2000). Second, once he establishes a *prima facie* case, the burden shifts to the defendant to produce evidence that the adverse employment action was taken against the plaintiff "for a legitimate, nondiscriminatory reason." *Id.* at 142. Third, the plaintiff is "afforded the opportunity to prove by a preponderance of evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.*

[11] The finding of the MCCR is properly considered at this stage because it is "attached or incorporated into the complaint" and integral thereto.  *See McCray v. Maryland Dep't of Transp.*, ELH-11-3732, 2014 WL 4660793 at *7 (D. Md. Sept. 16, 2014) (citing *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

9

the teaching positions to which she applied in November 2014, and her retaliatory failure to hire claim must be DISMISSED.

### III. Plaintiff's Claims Alleging Retaliation Against N.M. Fail as a Matter of Law

Moore also alleges that the Board retaliated against her in violation of Title VII by revoking her son's Special Permission Transfer to attend West Towson Elementary School. (Compl., ECF No. 1-3 at p. 5-13.) The Board moves to dismiss this claim on the basis that Moore has failed to exhaust the available administrative remedies regarding this allegation.

A court should dismiss such a discrimination lawsuit if the plaintiff has not exhausted the required administrative remedies before bringing suit. *Chacko v. Patuxent Institution,* 429 F.3d 505, 508–09 (4th Cir. 2005). The exhaustion requirement ensures that the charged party receives notice of the claims it faces. *Chacko*, 429 F.3d at 510. A subsequent lawsuit thus must limit its claims to those included in the administrative charge, unless the non-exhausted claim is "reasonably related" to the claims described in the administrative charge. *Evans v. Techs. Applications & Servs. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996). *See also Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013).

In her Charge of Discrimination, Moore alleges that she "did not pass the screening process in retaliation for engaging in a protected activity." (Pl.'s Ex. 23a.) This claim is not "reasonably related" to the allegation in her Complaint of "[r]etaliation [a]gainst [her] [s]on." (Compl., ECF No. 1-3 at p. 5-9.) Because Moore failed to allege retaliation against her son in her Charge of Discrimination, she has not exhausted the available administrative remedies, and her allegations based on these facts must be DISMISSED.

Even if Moore had exhausted her administrative remedies, her allegation of retaliation against her son would still fail to establish a plausible case of retaliation. Moore cites *Thompson v. North America Stainless,* for the proposition an adverse employment action may be taken against a third-parties within the zone of interest. *Thompson v. North America Stainless, LP,* 562 U.S. 170, 178 (2011). However, *Thompson* is distinguishable from the instant case. In *Thompson*, the plaintiff and his fiancée were both employees of the defendant company. *Id.*, 562 U.S. at 172. The defendant company fired the plaintiff after his fiancée filed a sex discrimination complaint. *Id.* The Court found that the plaintiff was within the "zone of interest protected by Title VII" because he was an employee of the defendant company "and the purpose of Title VII is to protect employees from their employer's unlawful acts." *Id.* In this case, unlike in *Thompson*, there was no adverse employment action taken against N.M. While N.M.'s eligibility for the SPT program was incident to Moore's employment, the discontinuation of his SPT waiver was the result of Moore's resignation.

### IV.     Plaintiff's Race and Sex Discrimination Claims Are Barred Because Moore Did Not Exhaust the Available Administrative Remedies

Moore's Complaint also alleges that the Board discriminated against her on the basis of race and sex. (Compl., ECF No. 1 at 6.)  Defendants argue that because these allegations are outside the scope of her Charge of Discrimination, plaintiff has failed to exhaust the available administrative remedies.  While Moore did address race and sex discrimination in her 2013 Charge, she did not do so in the 2015 Charge on which this case is based. (Compl., ECF No. 1-3 at p. 12.)  Thus, Moore may not rely on the contents of her 2013 Charge in this proceeding.

11

As discussed above, a plaintiff must exhaust her administrative remedies before filing a lawsuit under Title VII. A plaintiff may not seek relief in federal Court "if the administrative charge alleges one type of discrimination—such as failure to promote—and the claim encompasses another type—such as discrimination in pay and benefits." *Chacko*, 429 F.3d at 509.

In her Charge of Discrimination, Moore alleged only discrimination based on *retaliation*. (Pl.'s Ex. 23a.) Moore now seeks relief in this Court for allege discrimination based on *race* and *sex*. (Compl., ECF No. 1 at p. 6.) Because Moore did not allege discrimination based on race and sex in her Charge of Discrimination, she has failed to properly exhaust her administrative remedies. Accordingly, this Court cannot consider Moore's allegations of discrimination based on race and sex, and these claims must be DISMISSED.

V.      **Plaintiff Fails to State a Plausible Claim Under 42 U.S.C § 1983**

Moore seeks relief under 42 U.S.C. § 1983 for the Board's alleged violation of her and her son's civil rights under the Fifth and Fourteenth Amendments of the United States Constitution. (Compl., ECF No. 1-3 at p. 19-21.) Section 1983 states that "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 28 U.S.C. § 1983 (emphasis added).

Here, the Board is not a *person* and, therefore, cannot be liable under Section 1983. *See e.g., Bd. of Educ. of Balt. Cty. V. Zimmer-Rubert*, 409 Md. 200, 206 (2009) (finding that Maryland

county boards of education are state agencies); *James v. Fredrick Cty. Pub. Schs.*, 441 F. Supp.2d 755, 760 (D. Md. 2006) (same); *Mayo v. Bd. of Educ. of Prince George's Cty.*, 797 F. Supp.2d 685, 689 (D. Md. 2011) *aff'd*, 713 F.3d 735 (4th Cir. 2013) (dismissing a Section 1983 claim against the Board of Education of Prince George's County because the board is "not [a] 'person[ ]' within the meaning of § 1983 . . . and the Eleventh Amendment bars damage claims against state agencies and their officials"). Accordingly, Moore's allegations against the Board pursuant to Section 1983 must be DISMISSED.

## VI.    Plaintiff Fails to State a Plausible Claim Under the Equal Pay Act

Moore also makes reference to the Equal Pay Act, 29 U.S.C. § 206(d)(1). (ECF No. 1-1.) However, Moore does not make any reference to the Equal Pay Act other than listing it as a cause of action on the civil cover sheet of her Complaint. (Compl., ECF No. 1-3 at p. 1-28.) Nor, crucially, does she make any allegations of pay inequity. Thus, Moore fails to state a plausible claim under the Act, and this count must be DISMISSED.[12]

## VII.   Plaintiff Fails to State a Plausible Claim Under the Federal Whistleblower Protection Act

Moore also appears to seek relief under the federal Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302. (Compl., ECF No. 1-3 at p. 21.) However, this statute is designed to protect *federal employees* from "prohibited personnel practices." *See Lawson v. Bowie State Univ.*, 421 Md. 245, 258 (2011) (finding that "the Whistleblower Protection Act . . ., codified

---

[12] In her Response in Opposition to the Board's Motion, Moore alleges for the first time that she was not fairly compensated for aiding the superintendent by "consulting via email and public comments at the board meetings." (Resp., ECF No. 19-1 at p. 8-9.) However, Moore admits that her work was "pro bono" and "free." (*Id.*) Nevertheless, it is well established that a party may not amend her pleadings based on legal arguments raised in her briefs. *See Mylan Labs., Inc. v. Akzo, N.V.*, 770 F.Supp. 1053, 1068 (D. Md. 1991); *Jassie v. Mariner*, DKC 15-1682, 2016 WL 67257, at *7 (D. Md. Jan. 6, 2016). Thus, plaintiff may not rely on these new allegations in order to avoid the Board's Motion.

in 5 U.S.C. Section 2302(b)(8), . . . provide[s] *federal employees* with even greater protection against retaliation for protected disclosures") (emphasis added). Here, as Moore does not allege that she was a federal employee, she cannot state a plausible claim under the WPA. Accordingly, Moore's claims under 5 U.S.C. § 2302 must be DISMISSED.

### VIII. Plaintiff's Claims Under Maryland's Education Article Are Barred Because Moore Did Not Exhaust the Available Administrative Remedies

Moore also alleges a series of violations of Board ethics and conflict of interest policies, as well as Section 6-104 of the Education Articles of the Annotated Code of Maryland based on "[h]istorical [r]acism and [d]iscrimination in Baltimore County." (Compl., ECF No. 1-3 at p. 20-24.) Defendants argue in support of dismissal that Moore has failed to exhaust her administrative remedies with respect to these claims by first seeking relief before the Maryland State Board of Education.

Pursuant to Section 4-205(c) of the Education Article of the Maryland Code, a plaintiff must exhaust her administrative remedies before bringing a state claim before this Court. *See Bd. of Educ. for Dorchester Cty. v. Hubbard*, 305 Md. 774 (1982) (finding that "courts defer to the State Board of Education under principles of *primary jurisdiction*" and "[w]here…the administrative remedy is deemed to be primary, this Court has generally held that it must be pursued and exhausted before a court exercises jurisdiction to decide the controversy") (emphasis added).

Here, because Moore did not first seek relief from the Maryland State Board of Education, she has not fully exhausted her administrative remedies. Accordingly, her state law claims must be DISMISSED.

## CONCLUSION

For the reasons stated above, Nussbaum's Motion to Dismiss (ECF No. 9) is GRANTED, the Board's Motion to Dismiss (ECF No. 17) is GRANTED, and this case is DISMISSED. The Clerk of Court shall CLOSE THIS CASE.

A separate Order follows.

Dated: July 25, 2017 _____/s/_____
Richard D. Bennett
United States District Judge